**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE INNOVATIVE INDUSTRIAL PROPERTIES, INC. STOCKHOLDER DERIVATIVE LITIGATION | Case No.: 1:25-cv-00456-GLR <br><br> (Consolidated) |
| This Document Relates to: <br><br> ALL ACTIONS | |

**JOINT STIPULATION AND [PROPOSED] ORDER STAYING**
**THE CONSOLIDATED ACTION**

Plaintiffs Joshua Steffens ("Plaintiff Steffens") and Joshua Albers ("Plaintiff Albers," and together with Plaintiff Steffens, the "Plaintiffs"), derivatively on behalf of Innovative Industrial Properties, Inc. ("IIP" or the "Company"), and Defendants Alan D. Gold, Paul E. Smithers, David Smith, Ben Regin, Gary Kreitzer, Gary Stecher, Scott Shoemaker, and Mary Allis Curran (the "Individual Defendants," and together with IIP, the "Defendants," and collectively with the Plaintiffs, the "Parties") jointly submit this stipulation ("Stipulation") to stay the above-captioned consolidated action (the "Consolidated Derivative Action"), and in support thereof state as follows:

WHEREAS, on February 12, 2025, Plaintiff Steffens filed a shareholder derivative complaint, in the action captioned *Steffens v. Gold*, *et al.*, Case No. 1:25-cv-00456-ABA (D. Md.) (the "*Steffens* Action"), on behalf of IIP against the Individual Defendants, alleging claims for breach of fiduciary duties, aiding and abetting breach of fiduciary duties, unjust enrichment, waste of corporate assets, violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 14a-9 promulgated thereunder by the SEC, and contribution under

Section 10(b) and 21D of the Exchange Act (Consolidated Derivative Action, ECF. No. 1);

WHEREAS, on February 13, 2025, Plaintiff Albers filed a shareholder derivative complaint, in the action captioned *Albers v. Gold, et al.*, Case No.: 1:25-cv-00469-BAH (D. Md.) (the "*Albers* Action"), on behalf of IIP against the Individual Defendants, alleging claims for breach of fiduciary duties, aiding and abetting breach of fiduciary duties, unjust enrichment, waste of corporate assets, violations of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder by the SEC, and contribution under Sections 10(b) and 21D of the Exchange Act (*Albers* Action, ECF. No. 1);

WHEREAS, on February 19, 2025, the Court: (1) consolidated the *Steffens* Action and *Albers* Action into the above-captioned Consolidated Derivative Action, styled *In re Innovative Industrial Properties, Inc. Stockholder Derivative Litigation*, Case No. 1:25-cv-00456-GLR; and (2) appointed Rigrodsky Law, P.A. as Lead Counsel and Levi & Korsinsky, LLP as Liaison Counsel for Plaintiffs in the Consolidated Derivative Action (Consolidated Derivative Action, ECF No. 13);

WHEREAS, on January 17, 2025, a putative securities class action captioned *Giraudon v. Innovative Industrial Properties, Inc., et al.*, Case No. 1:25-cv-00182-RDB, was filed in this Court, which alleges violations of federal securities laws by IIP and Defendants Alan D. Gold, Paul E. Smithers, David Smith, and Ben Regin based on factual allegations substantially the same as those in the Consolidated Derivative Action (the "Securities Class Action");

WHEREAS, defendants in the Securities Class Action anticipate filing a motion to dismiss following the appointment of lead plaintiff and the filing of amended complaint in the Securities Class Action;

WHEREAS, in light of the overlap between this Consolidated Derivative Action and the Securities Class Action, in an effort to proceed in the most efficient manner, the Parties agree that this Consolidated Derivative Action should be temporarily stayed on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties through their undersigned counsel of record and subject to approval of the Court, as follows:

1. The Consolidated Derivative Action (including Defendants' time to answer, move to dismiss, or otherwise respond to the complaint, and all discovery) shall be stayed until the earlier of: (i) the issuance of a final decision and order on all motions to dismiss the operative complaint in the Securities Class Action (if any) and the exhaustion of any opportunity for any party to pursue appellate review; (ii) notification that a settlement has been reached in the Securities Class Action; (iii) a final resolution of the Securities Class Action, including the exhaustion of any appellate opportunities; or (iv) either Party providing the other Party thirty (30) days' notice that they no longer consent to the stay.

2. No later than thirty (30) days following the lift or termination of the stay pursuant to paragraph 1, the Parties shall meet and confer regarding scheduling and submit a proposed scheduling order governing any further proceedings in this Consolidated Derivative Action, including the date by which Defendants and/or IIP must answer, move to dismiss, or otherwise respond to the complaint, and the date and time for a case management conference.

3. IIP shall promptly notify Plaintiffs of any derivative actions or litigation demands of which they become aware that assert allegations that are substantially similar to the allegations made in the Consolidated Derivative Action ("Related Derivative Actions" or "Related Demands");

4. Subject to counsel for Parties entering a reasonable and mutually agreeable

confidentiality agreement or protective order, IIP shall provide Plaintiffs with all documents produced to plaintiffs in any Related Derivative Actions or IIP stockholders with Related Demands;

5.    If during the pendency of the stay, Defendants produce documents in the Securities Class Action, copies of all such documents shall be provided to Plaintiffs within ten (10) days of production, subject to counsel entering a reasonable and mutually agreeable confidentiality agreement or protective order governing the use and disclosure of any confidential material therein;

6.    If IIP engages in mediation in the Securities Class Action or any Related Derivative Action, IIP agrees to provide Plaintiffs with reasonable advance notice of such mediation and not object to Plaintiffs' participation therein, subject to the consent of all other interested parties. In the event such consent is not provided, Defendants shall separately mediate with Plaintiffs at or about the same time.  If IIP provides documents to the plaintiffs in the Securities Class Action or in any Related Derivative Action, in connection with a mediation, IIP agrees to provide them to Plaintiffs on the same terms, subject to counsel entering a reasonable and mutually agreeable confidentiality agreement or protective order governing the use and disclosure of any confidential material therein;

7.    Notwithstanding the agreed-upon stay of this Consolidated Derivative Action, Plaintiffs may designate an operative complaint or file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to any complaint during the pendency of the stay;

8.    After the stipulated stay has terminated, Defendants will not move to stay the Consolidated Derivative Action in deference to any other derivative action. However, nothing shall

prevent Defendants from moving to stay the Consolidated Derivative Action until final disposition of the Securities Class Action in the event that litigation is not dismissed, and nothing shall prevent Plaintiffs from opposing such a motion; and

9.      The Parties agree and acknowledge that they expressly reserve all challenges, arguments, defenses, and claims not yet asserted, including, but not limited to, jurisdiction, *forum non conveniens*, improper venue, and any other procedural or substantive rights, challenges, arguments, defenses, and claims to this Consolidated Derivative Action.

Dated: March 4, 2025                                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Jordan A. Cafritz*
Jordan A. Cafritz (Bar #:20908)
Donald J. Enright (Bar #:13551)
1101 Vermont Ave NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 524-4290
Email: denright@zlk.com
Email: jcafritz@zlk.com

*Liaison Counsel for Plaintiffs*

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Timothy J. MacFall
Vincent A. Licata
Leah B. Wihtelin
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: vl@rl-legal.com
Email: lw@rl-legal.com

*Lead Counsel for Plaintiffs*

**MORRIS KANDINOV LLP**
Leonid Kandinov
550 West B Street, 4th Floor
San Diego, CA 92101
Telephone: (619) 780-3993
Email: leo@moka.law

*Additional Counsel for Plaintiffs*

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085

*Of Counsel for Plaintiff Steffens*

**FOLEY & LARDNER LLP**

*/s/ Andrew A. Howell*
Andrew A. Howell (admitted *PHV*) (signed by
Jordan Cafritz with permission of Andrew A.
Howell)
Jarren N. Ginsburg
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
Email: jginsburg@foley.com

Andrew A. Howell
Todd A. Murray (*PHV* forthcoming)
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000
Email: tmurray@foley.com
Email: ahowell@foley.com

*Counsel for Defendants*

SO ORDERED this ____ day of _____, 2025.

_____
United States District Judge

6