**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| ALAIN GIRAUDON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INNOVATIVE INDUSTRIAL PROPERTIES, INC., et al.,<br><br>Defendants. | Case No.: 1:25-cv-00182-GLR<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION OF YOLANDA CASTANEDA  TOAPPOINT LEAD PLAINTIFF**
**AND TO APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Movant Yolanda Castaneda ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for the class of all persons and entities other than Defendants who purchased or otherwise acquired the securities of Innovative Industrial Properties, Inc. ("Innovative" or the "Company") between February 27, 2024 and December 19, 2024, inclusive (the "Class Period"); and

(b)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class and the Law Office of Cynthia Leppert, LLC as Liaison Counsel.

**INTRODUCTION AND BACKGROUND**

This action was commenced on January 17, 2025 against Innovative, Alan D. Gold, Paul E. Smithers, David Smith, and Ben Regin, for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was issued, advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

Defendant Innovative purports to be an internally managed real estate investment trust ("REIT") focused on the acquisition, ownership, and management of specialized properties leased to state-licensed operators for their regulated medical-use cannabis facilities. Innovative is a Maryland corporation with principal executive offices located at 1389 Center Drive, Suite 200, Park City, UT 84098. Innovative's securities trade on the NYSE under the symbol "IIPR."

As a REIT, Innovative's primary source of income is derived from rental revenue generated by the properties that it acquires. To measure its financial performance, Innovative uses funds from operations ("FFO"), a metric calculated by adding depreciation, amortization, and losses on sales of property to earnings and then subtracting any gains on sales of property and any interest income. REITs tend to consider FFO to be a more accurate measure of a REIT's value than net income because it addresses the limitations of traditional accounting methods—particularly regarding depreciation, which can misrepresent the true value of real estate assets—and focuses on the cash flow generated by a REIT's core operations. As a result, FFO provides investors with a clearer picture of a REIT's ability to generate revenue and pay dividends.

The complaint alleges that, during the Class Period, Defendants made false and misleading statements and/or failed to disclose that: (1) Innovative was experiencing significant declines in rent and property-management fees in connection with certain customer leases; (2) the foregoing would likely impair the Company's ability to maintain FFO and revenue growth; (3) accordingly,

4927-2589-3163, v. 3

Innovative's leasing operations were less profitable than the Company had represented to investors; and (4) as a result, the Company's public statements were materially false and misleading at all relevant times.

On November 6, 2024, Innovative reported its financial results for the third quarter of 2024. Among other items, Innovative reported normalized FFO per share of $2.02, missing the consensus estimate of $2.03 and declining from $2.09 in the same period in 2023. Innovative also reported revenue of $76.5 million, missing the consensus estimate of $77.5 million and declining from $77.8 million in the same period in 2023. Innovative stated that the year-over-year decrease was due to a $3.0 million decline in contractual rent and property management fees in the third quarter related to properties that Innovative regained possession of since June 2023; a decline of $1.3 million due to rent received but not recognized in rental revenues resulting from the re-classifications of two sales-type leases beginning January 1, 2024; and $1.3 million of contractually due rent and property management fees that were not collected during the current quarter.

On this news, Innovative's stock price fell $12.93 per share, or 10.51%, to close at $110.07 per share on November 7, 2024.

Then, on December 20, 2024, Innovative announced that on the previous day, PharmaCann Inc. ("PharmaCann"), the tenant for eleven properties that Innovative owns—and the revenues from which represented 17% of Innovative's total rental revenues for the three and nine months ended September 30, 2024—defaulted on its obligations to pay rent for the month of December under six of its eleven leases (the "Leases"), for properties located in Illinois, Massachusetts, Michigan, New York, Ohio and Pennsylvania. December rent, including base rent, property management fees, and estimated tax and insurance payments, totaled $4.2 million for these six properties. Further, Innovative stated that it applied security deposits held by Innovative pursuant

3

to these Leases for the payment in full of the defaulted rent, in addition to late penalties and interest. Finally, the Company revealed that "although PharmaCann paid rent in full under the remaining five Leases totaling $90,000 for the month of December, as a result of cross-default provisions contained in each of the Leases, on December 19, 2024, PharmaCann also defaulted on its obligations under these five Leases, as a result of the non-payment of rent on the other six Leases."

On this news, Innovative's stock price fell $21.68 per share, or 22.73%, to close at $73.66 per share on December 20, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

4927-2589-3163, v. 3

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $77,907.25 in connection with her purchases of Innovative securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Innovative securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

**1.    Movant's Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.,* 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and

6

misleading statements about the Company's business. Movant, as did all other members of the Class, purchased Innovative securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Moreover, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Innovative securities and is, therefore, extremely motivated to pursue claims in this action.

### D.  Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

4927-2589-3163, v. 3

Movant lives in California and is retired. Prior to retirement, Movant worked in the hospitality industry. Movant has been investing for approximately three years. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the Class. Therefore, the presumption that Movant is the most adequate Lead Plaintiff is not subject to rebuttal.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and the Law Office of Cynthia Leppert, LLC as Liaison Counsel. Rosen Law has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, Rosen Law is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigation, securities fraud class actions, and other complex litigation, and has obtained substantial recoveries on behalf of investors. The principal of the Law Office of Cynthia Leppert, LLC has been practicing law in Maryland for over 40 years, including as a business litigator and has been a member of this Court for over thirty years. *See* the firm resumes of Rosen Law and the Law Office of Cynthia Leppert, Exs. 4 and 5 hereto.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge to prosecute this action effectively and

expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel and the Law Office of Cynthia Leppert, LLC as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: March 18, 2025                    Respectfully submitted,

By: /s/ Cynthia L. Leppert
Cynthia L. Leppert (05857)
**LAW OFFICE OF CYNTHIA LEPPERT**
1 W Pennsylvania Avenue, Suite 980
Towson, MD 21204
Telephone: (410) 672-4022
Fax: (410) 672-4350
Email: cll@cynthialeppertlaw.com

*Counsel for Movant and*
*Proposed Liaison Counsel for Lead Plaintiff*
*and the Class*

**THE ROSEN LAW FIRM, P.A.**

/s/Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
***Motion for Admission Pro Hac Vice forthcoming***

*Counsel for Movant and*
*Proposed Lead Counsel for Lead Plaintiff*
*and the Class*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

Dated: March 18, 2025                                    Respectfully Submitted,

                                                        /s/ *Cynthia L. Leppert*
                                                        Cynthia L. Leppert

10

4927-2589-3163, v. 3