**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| ALAIN GIRAUDON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>      v.<br><br>INNOVATIVE INDUSTRIAL PROPERTIES, INC., et al.,<br><br>    Defendants. | **CASE No. 1:25-cv-00182-GLR** |

**MEMORANDUM OF LAW IN SUPPORT OF GENERAL
EMPLOYEES OF THE UTILITY BOARD OF THE CITY OF
KEY WEST, FLORIDA'S MOTION FOR APPOINTMENT AS
<u>LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL</u>**

Movant, Retirement System for the General Employees of the Utility Board of the City of Key West, Florida ("Key West"), by its counsel, respectfully submits this memorandum of law in support of its motion for entry of an order: (i) appointing it as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approving of its selection of Abraham, Fruchter & Twersky, LLP ("AF&T") as Lead Counsel and The Law Office of Peter T. Nicholl as Local Counsel for the putative class; and (iii) such other relief as the Court may deem to be just and proper.

## INTRODUCTION

This is a class action brought on behalf of all persons and entities who purchased or otherwise acquired the common stock of Innovative Industrial Properties, Inc. ("Innovative" or the "Company") between February 27, 2024, and December 19, 2024, both dates inclusive (the "Class Period") against Innovative and certain of its officers and/or directors for violations of the Exchange Act.

In a case such as this one, the federal securities laws require that the Court appoint a lead plaintiff. The PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Here, Key West should be appointed as lead plaintiff because it: (1) timely filed its motion; (2) it has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). As a sophisticated institutional investor, Key West is the prototypical lead plaintiff envisioned by Congress to serve as lead plaintiff under the PSLRA, and its appointment would therefore fulfill this critical legislative purpose. In addition, Key West's selection of AF&T to serve as lead counsel should be approved because the firm possesses extensive experience prosecuting securities class

actions and will adequately represent the interests of all class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). For these reasons, and those enumerated below, this Court should grant Key West's motion for appointment as lead plaintiff and approve its selection of counsel.

<u>**SUMMARY OF THE ACTION**</u>

Innovative is an internally managed real estate investment trust ("REIT") purportedly focused on the acquisition, ownership, and management of specialized properties leased to state-licensed operators for their regulated medical-use cannabis facilities. Complaint ¶2.[1]

As alleged in the Complaint, "[t]hroughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) [Innovative] was experiencing significant declines in rent and property-management fees in connection with certain customer leases; (ii) the foregoing would likely impair the Company's ability to maintain [funds from operations or "FFO"] and revenue growth; (iii) accordingly, [Innovative's] leasing operations were less profitable than the Company had represented to investors; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times." Complaint ¶4.

On November 6, 2024, the Company released its third quarter results and disclosed that its FFO and revenue each declined from the prior year's third quarter and that FFO and revenue also missed consensus estimates. On this news, the Company's stock price fell 10.51%. Complaint ¶¶5-6.

Then, on December 20, 2024, Innovative revealed that PharmaCann Inc., the tenant for

---

[1] These facts are based on the Class Action Complaint (the "Complaint") filed in *Giraudon v. Innovative Industrial Properties, Inc., et al.*, No. 1:25-cv-00182-GLR (D. Md.).

eleven properties owned by Innovative, which represented 17% of the Company's total rental revenues for the three and nine months ended September 30, 2024, defaulted on its obligations to pay rent for the month of December 2024 under six of its eleven leases (the "Leases"). Innovative further disclosed that because of cross-default provisions contained in each of the Leases, on December 19, 2024, PharmaCann Inc. also defaulted on its obligations under the other five Leases because of its non-payment of rent on the six Leases. On this news, Innovative's stock price declined 22.73%. Complaint ¶¶7-8.

Defendants' wrongful acts and omissions resulted in the precipitous decline in the market value of the Company's securities, causing significant losses and damages to purchasers of Innovative's securities during the Class Period. Complaint ¶9.

## ARGUMENT

### A.    Key West is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after the filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Walker v. iLearningEngines, Inc.*, 2025 WL 637450, at *1 (D. Md. Feb. 27, 2025).

The Court is required to appoint a Lead Plaintiff that is the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B); *see also In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 565 (D. Md. 2001). Key West meets each of these requirements and should be appointed lead plaintiff.

### 1.    Key West's Motion is Timely

The statutory notice in this case was published on January 17, 2025 on *ACCESS Newswire* advising class members of the pendency of the action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff no later than March 18, 2025, *i.e.*, within 60 days of the commencement of this case. *See* Declaration of Scott E. Nevin in Support of Retirement System for the General Employees of the Utility Board of the City of Key West, Florida's Motion For Appointment of Lead Plaintiff and Lead Counsel ("Nevin Decl."), Exhibit A.  Accordingly, Key West's Motion was filed by the statutory deadline and is therefore timely.

### 2.    Key West Believes It Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by the PSLRA Certification submitted herewith, Key West suffered a significant loss of approximately $129,046, using either the LIFO or FIFO methods, as a result of the Company's alleged violations of the federal securities laws.  *See* Nevin Decl., Ex. B-C. Therefore, Key West has a substantial financial interest in the relief sought by the class.  To the best of Key West's knowledge, no other investor has suffered a greater loss.

### 3. Key West Otherwise Satisfies the Typicality and Adequacy Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, the movant must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *See USEC*, 168 F. Supp. 2d at 566 ("A wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for the Court's later consideration of a motion for class certification."). Here, Key West unquestionably satisfies both requirements.

Key West's claims are typical of the claims of other purchasers of Innovative securities. "[C]laims are typical of the class [if] they allege harms caused by Defendants' purported false or misleading statements and omissions during the class period when plaintiffs purchased [the company's] stock at artificially inflated prices." *Chamblee v. Terraform Power, Inc.*, 2016 WL 4039178, at *2 (D. Md. July 28, 2016); *see also Walker*, 2025 WL 637450, at *2 ("The typicality requirement is met 'when the representative plaintiff suffers the same injuries as the class and when the claims are based on the same legal theory.'"). Key West satisfies the typicality requirement because its claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members. Similar to all other class members, Key West: (1) purchased Innovative securities during the Class Period; (2) was adversely affected by the alleged false and misleading statements and omissions; and (3) suffered damages thereby. Accordingly, Key West's claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members. Thus, Key West's claims are typical of the class.

Key West likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. "The adequacy requirement is met when 'the purported class representative and its attorney are capable of pursuing the litigation and ... neither has a conflict of interest with other class members.'" *Walker*, 2025 WL 637450, at *2. Key West easily satisfies the elements of the adequacy requirement.  Key West's interests are perfectly aligned with those of the other members of the class and are not antagonistic in any way. *See id.* (no suggestion of a conflict with other class members and because of large financial loss, lead plaintiff movant had significant interest in vigorously prosecuting the action on behalf of the class). Here there are no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Key West and other class members. Indeed, Key West has submitted a Certification, affirming the understanding of its duties owed to class members through its commitment to oversee the prosecution of this Action. *See* Nevin Decl., Ex. B. Through its Certification, Key West accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action.  *Id*.

Finally, Key West has demonstrated its adequacy through the selection of AF&T to represent the class. As discussed more fully below, AF&T is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

In addition to satisfying the typicality and adequacy requirements of Rule 23, Key West is also the prototypical investor Congress sought to encourage to lead securities class actions. H.R. Rep. No. 104-369, at 34, reprinted in 1995 U.S.C.C.A.N. at 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class

actions."); *see also Chamblee*, 2016 WL 4039178, at *2 ("Ideally, courts will appoint institutional investors with large holdings in the stock as lead plaintiff," given their "incentives to monitor their suits closely because of their substantial stakes in the stock at issue") (citation omitted).

**B.      The Court Should Approve Key West's Selection of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Walker*, 2025 WL 637450, at *3. Courts typically do not disturb a lead plaintiff's selection of lead counsel. *See In re Host America Corp. Sec. Litig.*, 236 F.R.D. 102, 109 (D. Conn. 2006). The Court should approve Key West's choice of the law firm AF&T to serve as Lead Counsel.

AF&T is among the preeminent securities class action law firms in the country, with the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. AF&T has successfully prosecuted numerous securities fraud class actions nationwide and obtained excellent results on behalf of defrauded investors. *See, e.g.*, *In re Peregrine Systems, Inc. Securities Litigation*, No. 02-CV-0870-BEN (RBB) (S.D. Cal.) (AF&T, as co-lead counsel, obtained a settlement of approximately $117.5 million). In *Pyramid Holdings, Inc. v. Terraform Global, Inc. et al.*, No. 1:16-cv-07967-PKC (S.D.N.Y.), AF&T was appointed sole lead counsel for the class and secured a $48.75 million settlement, representing more than 50% of likely recoverable damages based upon rulings in a related multi-district litigation. That action was one of many successful recoveries achieved by AF&T as a lead counsel in securities fraud class actions. *See also Godinez v. Alere Inc., et al.*, No. 1:16-cv-10766 (PBS), ECF No. 152 (D. Mass. Dec. 22, 2017) (AF&T, as co-lead counsel, achieved a $20 million settlement); *Citiline Holdings, Inc. v. iStar Financial, Inc.*, No. 08-cv-3612-RWS (S.D.N.Y) (AF&T, as co-lead counsel, obtained a $29 million settlement); *Silverstrand Investments v. AMAG Pharmaceuticals et al.*, No. 1:10-cv-10470

(NMG), ECF No. 24 (D. Mass Jul. 27, 2010) (AF&T as lead counsel settled the action following a successful appeal to the U.S. Court of Appeals for the First Circuit); *Utesch v. Lannett Company Inc.*, et al., No. 2:16-cv-05932 (WB), ECF No. 53 (E.D. Pa. Mar. 20, 2017) (AF&T serving as lead counsel in pending securities class action resulting in a proposed settlement). *See* Nevin Decl. at Ex. D (AF&T Firm Biography).[2]

Similarly, the Law Office of Peter T. Nicholl has extensive experience in successfully prosecuting class actions, as its website demonstrates. *See* https://www.nicholllaw.com.

Accordingly, the Court should approve Key West's selection of AF&T as Lead Counsel and the Law Office of Peter T. Nicholl as Local Counsel.

### CONCLUSION

For the reasons discussed herein, Key West respectfully requests that the Court: (i) appoint it as Lead Plaintiff; (ii) approve the selection of AF&T as Lead Counsel and the Law Office of Peter T. Nicholl as Local Counsel for the class; and (iii) grant such other relief as is just and proper.

Dated: March 18, 2025                      Respectfully Submitted,


                                           */s/ Scott E. Nevin*
                                           Scott E. Nevin , Bar No. 22478
                                           **LAW OFFICE OF PETER T. NICHOLL**
                                           36 South Charles Street, Suite 1700
                                           Baltimore, MD 21201
                                           Telephone: (410) 260-0183
                                           Facsimile: (410) 244-1047
                                           snevin@nicholllaw.com

                                           **Proposed Local Counsel**

---

[2] For a detailed description of AF&T's record, resources, and attorneys, please see https://www.aftlaw.com.

**ABRAHAM, FRUCHTER**
**& TWERSKY, LLP**
Mitchell M.Z. Twersky (*pro hac vice* to be filed)
Atara Twersky (*pro hac vice* to be filed)
Lawrence D. Levit (*pro hac vice* to be filed)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: (212) 279-5050
Facsimile: (212) 279-3655
mtwersky@aftlaw.com
atwersky@aftlaw.com
llevit@aftlaw.com

**Counsel for Key West and Proposed Lead**
**Counsel**

- 9 -