UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALAIN GIRAUDON, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:25-cv-00182-GLR |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | |
| INNOVATIVE INDUSTRIAL PROPERTIES, INC., ALAN D. GOLD, PAUL E. SMITHERS, DAVID SMITH, and BEN REGIN, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION
OF LEAD COUNSEL

4923-5708-2154

## I.  INTRODUCTION

Pending before the Court is a securities class action lawsuit on behalf of purchasers or acquirers of Innovative Industrial Properties, Inc. ("Innovative Industrial" or the "Company") securities between February 27, 2024 and December 19, 2024, inclusive (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act") against the Company and certain of its executive officers.  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Dr. Richard A. Blocker and Kelly R. Johnson should be appointed lead plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Dr. Blocker and Mr. Johnson's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.  STATEMENT OF FACTS

Innovative Industrial is a self-advised Maryland corporation focused on the acquisition, ownership, and management of specialized properties leased to experienced, state-licensed operators for their regulated cannabis facilities.  Innovative Industrial stock trades on the New York Stock Exchange under the symbol IIPR.

4923-5708-2154

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Innovative Industrial was experiencing significant declines in rent and property-management fees in connection with certain customer leases; (ii) the foregoing would likely impair the Company's ability to maintain funds from operations ("FFO") and revenue growth; and (iii) accordingly, Innovative Industrial's leasing operations were less profitable than Innovative Industrial Properties had represented to investors.

On November 6, 2024, Innovative Industrial reported its third quarter of 2024 financial results, disclosing normalized FFO per share of $2.02, missing the consensus estimate of $2.03 and declining from $2.09 in the same period in 2023, and revenue of $76.5 million, missing the consensus estimate of $77.5 million and declining from $77.8 million in the same period in 2023. Defendants stated that the year-over-year decrease was due to a $3.0 million decline in contractual rent and property management fees in the third quarter related to properties that the Company regained possession of since June 2023; a decline of $1.3 million due to rent received but not recognized in rental revenues resulting from the re-classifications of two sales-type leases beginning January 1, 2024; and $1.3 million of contractually due rent and property management fees that were not collected during the current quarter.  On this news, the price of Innovative Industrial stock fell more than 10%

Then, on December 20, 2024, Innovative Industrial announced that on the previous day, PharmaCann Inc., the tenant for eleven properties that Innovative Industrial owns – and the revenues from which represented 17% of the Company's total rental revenues for the three and nine months ended September 30, 2024 – defaulted on its obligations to pay rent for the month of December under six of its eleven leases, for properties located in Illinois, Massachusetts, Michigan, New York, Ohio, and Pennsylvania.  On this news, the price of Innovative Industrial stock fell nearly 23%.

4923-5708-2154

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of the Company's securities, class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Dr. Blocker and Mr. Johnson Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice of the action was published on *Access Newswire* on January 17, 2025.  *See* Declaration of William N. Sinclair in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Sinclair Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Dr. Blocker and Mr. Johnson meet these requirements and should be appointed Lead Plaintiff.

4923-5708-2154

## 1.      Dr. Blocker and Mr. Johnson's Motion Is Timely

The January 17, 2025 statutory notice advised putative class members of the pendency of the action, a summary of the core allegations and the claims asserted, and the right to move the Court for appointment as lead plaintiff by March 18, 2025.  *See* Sinclair Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A).  Because this motion is being timely filed by the statutory deadline, Dr. Blocker and Mr. Johnson are eligible for appointment as lead plaintiff.

## 2.      Dr. Blocker and Mr. Johnson Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, Dr. Blocker and Mr. Johnson purchased 10,480 shares of Innovative Industrial securities and suffered approximately $183,675 in losses as a result of defendants' alleged misconduct.  *See* Sinclair Decl., Exs. B, C.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Dr. Blocker and Mr. Johnson meet the PSLRA's prerequisite of having the largest financial interest.

## 3.      Dr. Blocker and Mr. Johnson Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage of the litigation, courts focus on the typicality and adequacy requirements. *Knurr v. Orbital ATK, Inc.*, 220 F. Supp. 3d 653, 658 (E.D. Va. 2016).  Only a prima facie showing of typicality and adequacy is required. *See In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 350 (D. Md.).  "The requirement of typicality is satisfied if the movant's claim arises from the same course of events as those of the other potential class members and relies on similar legal theories to prove the defendants' liability." *Id*.  "Adequacy depends on whether the movant 'has the ability to represent the claims of the class vigorously, whether it has obtained adequate counsel, and whether there is a

- 4 -

4923-5708-2154

conflict between the movant's claims and those asserted on behalf of the class.'" *Id.* (citation omitted).

Like all putative class members, Dr. Blocker and Mr. Johnson purchased Innovative Industrial securities during the Class Period and suffered harm as a result of defendants' alleged misconduct. As such, Dr. Blocker and Mr. Johnson suffered the same injuries as the other putative class members as a result of the same alleged conduct by defendants and has claims based on the same legal issues. Further, Dr. Blocker and Mr. Johnson have submitted Certifications and a Joint Declaration confirming their willingness and ability to serve as lead plaintiff. *See* Sinclair Decl., Exs. B, D. Dr. Blocker and Mr. Johnson's substantial financial interest indicates they have the requisite incentive to vigorously represent the class's claims.

Because Dr. Blocker and Mr. Johnson filed a timely motion, have a significant financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

**B.    The Court Should Approve Dr. Blocker and Mr. Johnson's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, Dr. Blocker and Mr. Johnson have selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Under Armour Sec.*

- 5 -

4923-5708-2154

*Litig.*, No. 1:17-cv-00388 (D. Md.) (Robbins Geller as lead counsel obtained an historic $434 million recovery from Under Armour, representing the second largest securities class action recovery ever in the Fourth Circuit); *Knurr*, 220 F. Supp. 3d at 663 ("There is no question that Robbins Geller is qualified to litigate this class action lawsuit – it has a long record of success in these types of cases."); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[1]

---

[1]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4923-5708-2154

Thus, the Court can be assured that by approving Dr. Blocker and Mr. Johnson's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

Dr. Blocker and Mr. Johnson have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Dr. Blocker and Mr. Johnson respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED:  March 18, 2025

Respectfully submitted,

SILVERMAN THOMPSON SLUTKIN
  & WHITE LLC
STEVEN D. SILVERMAN (VSB No. 22887)
ANDREW C. WHITE (VSB No. 08821)
WILLIAM N. SINCLAIR (VSB No. 28833)


                    s/ William N. Sinclair
WILLIAM N. SINCLAIR

400 E. Pratt Street, Suite 900
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)
ssilverman@silvermanthompson.com
awhite@silvermanthompson.com
bsinclair@silvermanthompson.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

- 7 -

4923-5708-2154

Proposed Lead Counsel for Proposed Lead
Plaintiff

4923-5708-2154