**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| ALAIN GIRAUDON, Individually and on Behalf of All Others Similarly Situated, <br><br>                Plaintiff, <br><br>     v. <br><br> INNOVATIVE INDUSTRIAL PROPERTIES, INC., ALAN GOLD, PAUL SMITHERS, DAVID SMITH, and BEN REGIN, <br><br>                Defendants. | Case No. 1:25-cv-00182-GLR <br><br> <u>CLASS ACTION</u> |

**CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM'S OPPOSITION TO MOVANTS BLOCKER JOHNSON GROUP'S AND KEY WEST'S MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

## SUMMARY OF ARGUMENT

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court should appoint the movant with the largest financial interest in the case, so long as that movant is otherwise adequate and typical within the meaning of Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Here, that movant is City of Birmingham Retirement and Relief System ("Birmingham" or "Movant"). Birmingham has the largest financial interest of any movant and is both adequate and typical.[1] *See* ECF No. 23. Furthermore, there is no basis to rebut the presumption that Birmingham is the most adequate Plaintiff under the PSLRA. Therefore, Birmingham should be appointed Lead Plaintiff. Competing Movants Dr. Richard A. Blocker ("Movant Blocker") and Kelly R. Johnson ("Movant Johnson") (collectively, "Blocker Johnson Group") and Retirement System for the General Employees of the Utility Board of the City of Key West, Florida ("Key West") have a significantly smaller financial interest than Birmingham. Also, Scott+Scott Attorneys at Law LLP ("Scott+Scott") should be approved as Lead Counsel.

## ARGUMENT

As set forth in Birmingham's opening papers, the movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 is presumed to be the "most adequate plaintiff"—and is the Plaintiff most capable of adequately representing the interests of Class Members.

As demonstrated below, Birmingham has a significantly greater financial interest than any other movant.

---

[1] Defined terms have the same definitions as in the complaint filed in this Action on January 17, 2025 (the "Complaint"). *Giraudon v. Innovative Indus. Props., Inc.*, No. 1:25-cv-00182, ECF No. 1. Unless otherwise noted, all "¶" and "¶¶" citations refer to the Complaint.

1

| Movant | Loss |
|---|---|
| Birmingham | $257,792.79 |
| Blocker Johnson Group | $183,674.88 |
| Key West | $129,046.22 |

*See* ECF No. 21-5, 22-5, 23-5.

As such, since Birmingham's financial interest is substantially greater than any other movant, Birmingham should be appointed Lead Plaintiff pursuant to the requirements under the PSLRA. *See Ortmann v. Aurinia Pharms. Inc.*, No. GJH-22-1335, 2023 WL 2139796, at *3-4 (D. Md. Feb. 20, 2023) (determining that the movant with the largest loss and that otherwise satisfied the requirements of Rule 23 established a "rebuttable presumption that they are the plaintiff that will most fairly and adequately represent the interests of the class.").[2]

Also, Birmingham is an institution, which Congress expressed is the preferred Lead Plaintiff under the PSLRA. *See Oklahoma Firefighters Pension & Ret. Sys. v. Xerox Corp.*, No. 16 CIV. 8260 (PAE), 2017 WL 775850, at *5 (S.D.N.Y. Feb. 28, 2017) (appointing an institutional investor as Lead Plaintiff because "Congress prefers [institutional investors] for a lead plaintiff."); *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 17 (D.D.C. 2006) ("Congress explicitly stated that it hoped that by selecting the plaintiff with the greatest financial loss, the PSLRA would thereby 'increase the likelihood that institutional investors will serve as lead

---

[2] Although the Court need not reach this issue since Birmingham is the presumptive Lead Plaintiff, the Court should not permit the Blocker Johnson Group to aggregate its losses because it is an improper attorney-created group. Certainly, when faced with the choice between an individual institutional investor, such as Birmingham, and an attorney-created group, the Blocker Johnson Group is clearly a "suboptimal" choice to represent the Class. *See In re E.Spire Commc'ns, Inc., Sec. Litig.*, 231 F.R.D. 207, 214 (D. Md. 2000) ("Furthermore, where more than one person is involved as lead plaintiff, additional costs must be incurred for intragroup communication and monitoring. This Court is not persuaded that a larger group, which claims to have suffered the largest loss because of a mechanical aggregation of those losses and which is represented by two different law firms, should be preferred over a single investor, who has alleged the largest individual loss and who is represented by a single law firm . . . This Court finds and concludes that, as the individual coming forward as a lead plaintiff who has suffered the largest individual loss, Thomas Gleason is entitled to the statutory presumption of appointment as lead plaintiff.")

2

plaintiffs.' In Congress' view, institutional investors should serve as lead plaintiffs where possible, since they are most likely to have the most at stake in the case and be the most sophisticated and competent litigants.") (quoting H.R. Conf. Rep. No. 104–369, 1995 U.S.C.C.A.N. 730, 733); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 243–44 (3d Cir. 2001) ("The plaintiff with the largest stake in a given securities class action will almost invariably be a large institutional investor, and the PSLRA's legislative history expressly states that Congress anticipated and intended that such investors would serve as lead plaintiffs.").

Birmingham is not subject to unique defenses. Accordingly, it has established a "rebuttable presumption that [it is] the plaintiff that will most fairly and adequately represent the interests of the class." *Ortmann*, 2023 WL 2139796, at *4. Put another way, since Birmingham has the largest financial interest in the relief sought by the Class, has filed a timely motion, and (as discussed further in Birmingham's opening brief, ECF No. 23-1) has made a prima facie showing that it satisfies the typicality and adequacy requirements of Rule 23, Birmingham is presumptively the most adequate Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Similarly, because Birmingham is the presumptively most adequate Plaintiff, its selection of Scott+Scott as Lead Counsel should also be approved. *See Harper v. 2U, Inc.*, No. TDC-19-3455, 2020 WL 13569349, at *2 (D. Md. June 1, 2020) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

In light of the foregoing, and given the required selection process under the PSLRA, all competing motions should be denied, and the Court should appoint Birmingham as Lead Plaintiff and approve its selection of Scott+Scott as Lead Counsel.

DATED:  April 1, 2025                                      **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                                            */s/ Thomas L. Laughlin, IV*
                                                            Thomas L. Laughlin, IV (*pro hac vice*)

3

Donald A. Broggi (*pro hac vice* forthcoming)
Nicholas S. Bruno (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
tlaughlin@scott-scott.com
dbroggi@scott-scott.com
nbruno@scott-scott.com

*Counsel for Lead Plaintiff Movant City of Birmingham Retirement and Relief System and Proposed Lead Counsel for the Class*

**ABATO, RUBENSTEIN AND ABATO, P.A.**
Corey Smith Bott (Bar No. 25673)
Shauna Barnaskas (Bar No. 16755)
809 Gleneagles Court, Suite 320
Baltimore, Maryland 21286
Telephone: (410) 321-0990
csbott@abatolaw.com
sbarnaskas@abatolaw.com

*Local Counsel for Lead Plaintiff Movant City of Birmingham Retirement and Relief System*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

<u>/s/ Thomas L. Laughlin, IV</u>
Thomas L. Laughlin, IV

5