UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| ALAIN GIRAUDON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVATIVE INDUSTRIAL PROPERTIES, INC., ALAN D. GOLD, PAUL E. SMITHERS, DAVID SMITH, and BEN REGIN,<br><br>Defendants. | Civil No. GLR-25-00182<br><br>CLASS ACTION |

DR. BLOCKER AND MR. JOHNSON'S OPPOSITION TO COMPETING
LEAD PLAINTIFF MOTIONS

4927-7675-1152

Four motions filed by investors seeking appointment as lead plaintiff are currently before the Court: (1) Yolanda Castaneda claiming a loss of $77,907; (2) Retirement System for the General Employees of the Utility Board of the City of Key West, Florida claiming a loss of $129,046; (3) Dr. Richard A. Blocker and Kelly R. Johnson claiming a loss of $183,675; and (4) City of Birmingham Retirement and Relief System ("Birmingham") claiming a loss of $257,792. ECF 20-23.  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court is to appoint as lead plaintiff the movant who: (1) has the largest financial interest in the relief sought by the class; and (2) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).

Although Birmingham claims a larger absolute loss, it did *not* purchase both types of publicly traded shares on the New York Stock Exchange that are the subject of the complaint, but instead made a single purchase of Innovative Industrial Properties, Inc. ("IIP") common stock on one day during the Class Period.  On the other hand, Dr. Blocker and Mr. Johnson traded throughout the Class Period in both common *and* preferred stock and possess the largest loss of any movant who transacted in both the IIP common stock and preferred stock that are the subject of the action, and should therefore be appointed as lead plaintiff.

In situations like this, courts around the country have exercised their discretion to appoint a diverse group of investors as lead plaintiff to best protect the putative class throughout the litigation.  This is not merely an academic concern.  For example, in *Pelletier v. Endo Int'l plc*, after nearly three years of active litigation, the court was forced to replace the single institutional lead plaintiff at the class certification phase with three individual investors and one institutional investor to remedy the originally-appointed lead plaintiff's recently uncovered typicality defect, noting that the individuals "would provide a broad range of testimony going to the merits of the

- 1 -

4927-7675-1152

claim." 2021 WL 398495, at *14 (E.D. Pa. Feb. 4, 2021); *see also Lawless v. Aurora Cannabis Inc.*, 2021 WL 2850451, at *5 (D.N.J. July 8, 2021) (recognizing that "the appointment of a small group of individuals as lead plaintiff has certain advantages over the appointment of a single individual, including avoiding the re-determination of lead plaintiff if an individual lead plaintiff is unable to serve or is deemed inadequate after appointment").[1]

Here, Dr. Blocker and Mr. Johnson made several purchases of IIP stock throughout the Class Period, as opposed to Birmingham which made a single purchase on one day during the Class Period. *See* ECF 22-4; 23-4 (Certifications showing the dates of IIP stock purchases). This is significant because if the Court were to appoint Birmingham as sole lead plaintiff and the Class Period's contours were changed at any point down the road, the class would be at risk of losing its standing to pursue its claims. *See Kanefsky v. Honeywell Int'l Inc.*, 2020 WL 2520669, at *3 n.4 (D.N.J. May 18, 2020) (motion to dismiss order ultimately necessitating a new lead plaintiff process because of "class representation issues due to Plaintiff's purchase date").

Moreover, unlike Birmingham, which purchased only IIP common stock, Dr. Blocker transacted in common stock *and* preferred stock, enabling the Court to ensure the class will receive representation for its full range of claims. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) ("'[A] class representative must be part of the class and "possess the same interest and suffer the same injury" as the class members.'"); *Borenstein v. Finova Group Inc.*, 2000 WL 34524743, at *8-*9 (D. Ariz Aug. 30, 2000) (declining to appoint movant who only transacted in common stock because "the Court is not confident that Mei and Belluomini 'will fairly and

---

[1] It was not anomalous that the *Pelletier* investor's typicality defect remained hidden for so long. Indeed, unlike many other genres of federal litigation, securities class actions are subject to a mandatory discovery stay during the pendency of a motion to dismiss. *See* 15 U.S.C. §78u-4(b)(3)(B).

4927-7675-1152

adequately protect the interests' of the full class"; and appointing movant who transacted in both common stock and notes, noting that "LSERS, on the other hand, appears fully capable of representing all the interests of all the class members, because LSERS has substantial losses attributable to both Finova common stock and the Finova notes") (citations omitted).  Thus, by appointing Dr. Blocker and Mr. Johnson, the Court can insulate the class at the outset from issues that may arise later in this litigation if it were to appoint as sole lead plaintiff the movant who purchased only one of the securities at issue, but not the other.  *See In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 215 (D.D.C. 1999) ("Congress envisioned that courts still would play an independent, gatekeeping role to implement the PSLRA."); *Smajlaj v. Brocade Commc'ns. Sys. Inc.*, 2006 WL 7348107, at *2 (N.D. Cal. Jan. 12, 2006) ("The Court, in appointing a Lead Plaintiff, acts as the gatekeeper for absent class members. In that role, the Court must ensure that this action will be litigated as effectively and efficiently as possible, and that there will be as few procedural or tangential impediments as possible.").

Nor can there be any question that Dr. Blocker and Mr. Johnson made a sufficient evidentiary showing of their adequacy to serve as lead plaintiff in this case.  Indeed, Dr. Blocker and Mr. Johnson submitted a sworn joint declaration detailing their *bona fides* and their commitment to working together to ensure the class obtains the best possible result in this case. ECF 22-6.  As described therein, Dr. Blocker and Mr. Johnson are highly experienced investors with nearly five decades of investing experience between them and are both familiar with selecting and overseeing counsel, as they are committed to doing here.  And, while the dollar amount they claim to have lost is slightly less than the loss claimed by Birmingham, Dr. Blocker and Mr. Johnson's losses represent a relative loss (compared to the total value of all of their assets) orders of magnitude larger than Birmingham's.  In similar situations, courts have found that the movant

4927-7675-1152

claiming a larger *relative* loss satisfies the PSLRA's largest financial interest requirement. *See Laborers Loc. 1298 Pension Fund v. Campbell Soup Co.*, 2000 WL 486956, at *2 (D.N.J. Apr. 24, 2000) (appointing two individual movants alongside a large institution claiming a larger absolute dollar loss where the institution's interest was a mere "drop in the bucket" compared to its total assets); *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1342 (N.D. Ala. 2000) ("because of his greater percentage losses, Eubank may be the class representative best suited to bring a claim to recover via joint and several liability for recklessness"). In light of their evidentiary showing of commitment "to ensure comprehensive, responsible, and vigorous representation of the class throughout the case," and their significantly larger relative financial interest, there can be no doubt that Dr. Blocker and Mr. Johnson satisfy the PSLRA's requirements for appointment as lead plaintiff. ECF 22-6.

Dr. Blocker and Mr. Johnson's adequacy is further evidenced by their choice of counsel. Indeed, Dr. Blocker and Mr. Johnson have requested the Court appoint a trial team of Robbins Geller as lead counsel and Silverman Thompson as local counsel – the same team that has worked together on various class actions for more than a decade and just last year obtained approval of the historic $434 million recovery against Under Armour Inc., the second largest securities class action recovery ever in this District. *In re Under Armour Sec. Litig.*, No. 1:17-cv-00388 (D. Md.). The law firms Dr. Blocker and Mr. Johnson selected are responsible for each of the eight largest securities class action settlements in 2024, recovering more than $2.5 billion for investors in PSLRA actions in 2024. *See* Exhibit A attached hereto.[2] Thus, the Court can be assured that if approved, Robbins Geller and Silverman Thompson will maximize the recovery for the class.

---

[2] Further, it is axiomatic that while "involvement in numerous other securities fraud [cases], both as Lead Plaintiff and class participant, may demonstrate valuable experience and quality leadership, it also means fractured attention and resources with respect to this suit." *In re Enron*

- 4 -

4927-7675-1152

In sum, the Court should appoint Dr. Blocker and Mr. Johnson as lead plaintiff and their selected counsel of Robbins Geller as lead counsel and Silverman Thompson as local counsel to ensure that this action will be litigated as effectively and efficiently as possible.

DATED:  April 1, 2025                          Respectfully submitted,

                                                               SILVERMAN THOMPSON SLUTKIN
                                                                 & WHITE LLC
                                                               STEVEN D. SILVERMAN (VSB No. 22887)
                                                               ANDREW C. WHITE (VSB No. 08821)
                                                               WILLIAM N. SINCLAIR (VSB No. 28833)


                                                               s/ William N. Sinclair
                                                               WILLIAM N. SINCLAIR

---

*Corp., Sec. Litig.*, 206 F.R.D. 427, 457 (S.D. Tex. 2002); *see also In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 822 (N.D. Ohio 1999) (recognizing that "an institutional investor that is *simultaneously* involved in one or more other securities class actions would have fewer resources available and be less able to police its attorney's conduct").  This is particularly true, where, as here, a competing movant has roughly similar losses and has assembled a highly effective prosecution team for the benefit of the class.  *See Enron*, No. H-01-3624 (S.D. Tex.) (Robbins Geller obtaining $7.2 billion – the largest securities class action recovery of all time).

| **Movant** | **Loss** | **2024 PSLRA Recoveries by Movant's Choice of Lead Counsel** | **Current Litigation Load** |
|---|---|---|---|
| Birmingham | $257,792 | $46.25 *million* | Seven ongoing securities cases |
| Dr. Blocker and Mr. Johnson | $183,675 | $2.51 *billion* | None |
| Key West | $129,046 | $0 | None |
| Ms. Castaneda | $77,907 | $63.92 *million* | None |

4927-7675-1152

400 E. Pratt Street, Suite 900
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)
ssilverman@mdattorney.com
awhite@mdattorney.com
bsinclair@mdattorney.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 6 -