UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALAIN GIRAUDON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVATIVE INDUSTRIAL PROPERTIES, INC., ALAN D. GOLD, PAUL E. SMITHERS, DAVID SMITH, and BEN REGIN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. GLR-25-00182<br><br>CLASS ACTION |

DR. BLOCKER AND MR. JOHNSON'S REPLY IN FURTHER SUPPORT OF
LEAD PLAINTIFF MOTION

4927-9477-5094

Dr. Blocker and Mr. Johnson should be appointed lead plaintiff pursuant to the PSLRA because they: (i) are a permissible "group" as demonstrated by their Joint Declaration evincing their desire to work together to achieve the best possible result on behalf of the class; (ii) provide the broadest range of representation of any lead plaintiff movant before the Court, having transacted in both common stock and preferred stock throughout the Class Period; and (iii) readily satisfy Rule 23's typicality and adequacy requirements because their claims arise from the same course of events as the claims of all other class members, their interests are aligned with the interests of other class members, and they selected highly qualified lead and local counsel with a track record of success in this District.

In an attempt to overcome this reality (and despite claiming the smallest financial interest of any movant seeking appointment as lead plaintiff), Retirement System for the General Employees of the Utility Board of the City of Key West, Florida ("Key West") argues that the Court should disregard Dr. Blocker and Mr. Johnson's larger financial interest because "[c]ourts have declined to aggregate a group's losses for purposes of providing the group with the largest loss in deciding the appointment of lead plaintiff." ECF 31 at 5.[1]  The frailty of this argument is betrayed by the decades of jurisprudence from the very judges of this District and Circuit that Key West asks the Court to overlook.

While it is true that courts in this Circuit do not blindly appoint large groups of investors, the PSLRA, the U.S. Supreme Court, and multiple Courts of Appeal expressly allow or have endorsed the appointment of cohesive groups as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)

---

[1]     In a footnote, City of Birmingham Retirement and Relief System("Birmingham") summarily states that the "Court should not permit the Blocker Johnson Group to aggregate its losses because it is an improper attorney-created group." ECF 29 at 2 n.2.  In addition to being legally and factually wrong (*see infra*), the argument is not properly before the Court as a footnote is not "an adequate means to [raise an argument] and any such argument [should] not be considered." *Sanders v. Callender*, 2018 WL 337756, at *7 n.5 (D. Md. Jan. 9, 2018).  Unless otherwise noted, all emphasis is added and citations are omitted.

4927-9477-5094

(rebuttable presumption that the most adequate plaintiff is "the person *or group of persons*" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23"); *China Agritech, Inc. v. Resh*, 584 U.S. 732, 742 n.3 (2018) ("[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups, so even a small shareholder could apply for lead-plaintiff status, hoping to join with other shareholders to create a unit with the largest financial interest"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The statute contains no requirement mandating that the members of a proper group be 'related' in some manner; it requires only that any such group 'fairly and adequately protect the interests of the class.'"); *In re Mersho*, 6 F.4th 891, 903 n.4 (9th Cir. 2021) ("[T]o the extent Petitioners seek a writ to clarify that groups can serve as lead plaintiff, that is clear from the statutory language.  The district court acknowledged a group can serve as a lead plaintiff.  No further clarification is needed.").

It is thus not surprising that district courts throughout the Fourth Circuit – which Key West has ignored – regularly determine that a cohesive group of investors may be appointed as lead plaintiff.  *Tchatchou v. India Globalization Cap., Inc.*, 2019 WL 1004591, at *7 (D. Md. Feb. 28, 2019) (appointing group comprising seven individuals and three law firms); *Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, 2021 WL 6072812, at *5 (D. Md. Dec. 23, 2021) ("The two members declared that they are able to work together to jointly fill the lead plaintiff role, and before filing their motion, they discussed how they would facilitate future communication and collaboration, including active joint review and monitoring."); *Klugmann v. Am. Cap. Ltd.*, 2009 WL 2499521, at *5 (D. Md. Aug. 13, 2009) (appointing three unrelated individuals); *DeLuca v. Intadose Pharma Corp.*, 2022 WL 3020417, at *4 (E.D. Va. July 29, 2022) (appointing group of two individuals and noting that "[t]he absence of a prelitigation relationship is not detrimental to the Group"); *Rice v. Genworth Fin. Inc.*, 2017 WL

- 2 -

4927-9477-5094

3699859 (E.D. Va. Aug. 25, 2017) (appointing group of two individuals over single institution claiming a larger financial interest where that institution was subject to potential conflicts of interest); *Johnson v. Pozen Inc.*, 2008 WL 474334, at \*2 (M.D.N.C. Feb. 15, 2008) (appointing co-lead plaintiffs "ensure[s] that a broader range of shareholder interests will be represented"). Indeed, as Judge Grimm noted in *Tchatchou*, a group can meet the adequacy showing required under Rule 23 by executing a "declaration signal[ing] . . . that [its] members are prepared to play an active role in this litigation and to monitor the actions of their selected counsel." 2019 WL 1004591, at \*8.

Here, Dr. Blocker and Mr. Johnson have unquestionably demonstrated that they are prepared, qualified, and eager to cohesively represent the investor class in this class. Like other groups appointed as lead plaintiff, Dr. Blocker and Mr. Johnson have evidenced their qualifications to serve as lead plaintiff in this case. *See* ECF 22-6:

- Dr. Blocker and Mr. Johnson are two sophisticated individuals with approximately 50 years of combined investing experience.[2]

- Dr. Blocker and Mr. Johnson are both familiar with selecting and overseeing counsel and have selected as their lead counsel one of the most successful law firms in prosecuting securities class actions.[3]

- Dr. Blocker and Mr. Johnson's Joint Declaration makes clear that they considered "the benefits and potential drawbacks of proceeding individually or jointly as lead plaintiff," and made their respective decisions to move with one another based on a desire to work together with a likeminded investor in

---

[2]  *See Palm Tran*, 2021 WL 6072812, at \*5 (noting each member of the group was a sophisticated investor).

[3]  *See* ECF 30 at 4 (Dr. Blocker and Mr. Johnson's opposition discussing the history and successes of their selected lead and local counsel); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 512 (E.D. Pa. 2004) (appointing group of three investors when "it has already taken steps towards protecting the interests of the class by hiring competent and experienced counsel to prosecute those claims").

4927-9477-5094

order to ensure comprehensive representation of the class throughout the case. ECF 22-6 at ¶4.[4]

- Dr. Blocker and Mr. Johnson conferred with one another before filing their motion and discussed their plan to prosecute the case and oversee their counsel. *See* ECF 22-6 at ¶7. Dr. Blocker and Mr. Johnson have established a clear line of communication, including on an emergency basis, to ensure a seamless decision-making process. *See id.* at ¶¶5, 8.[5]

Thus, Dr. Blocker and Mr. Johnson are precisely the type of "group of persons" contemplated by the PSLRA to act as lead plaintiff.

Finally, Key West's speculation that "there is no explanation . . . how they will resolve disputes between themselves given that they are two individuals with no tie breaker" fares no better. ECF 31 at 6-7. Indeed, one court addressing the exact same argument found that "[a]bsent from [competing movant's] conclusory, speculative argument is any proof sufficient to rebut the presumption." *Goines v. Celsius Network, LLC*, 2023 WL 2945897, at *8 (D.N.J. Apr. 14, 2023) ("Fourth, de Almeida challenges the Kaplan/Mazzotta Group's 'joint decision-making process' by

---

[4] Unlike Dr. Blocker and Mr. Johnson, who incurred losses on purchases of **both** common and **preferred** stock throughout the Class Period, Birmingham and Key West transacted only in common stock during a very narrow window during the Class Period. *See* ECF 21-5 (Key West loss chart showing purchases on only two consecutive days during the entirety of the Class Period; ECF 23-5 (Birmingham loss chart showing one purchase on one day during the Class Period); *see, e.g., Kanefsky v. Honeywell Int'l Inc.*, 2020 WL 2520669, at *3 n.4 (D.N.J. May 18, 2020) (motion to dismiss order ultimately necessitating a new lead plaintiff process because of "class representation issues due to Plaintiff's purchase date"); *see generally Lawless v. Aurora Cannabis Inc.*, 2021 WL 2850451, at *5 (D.N.J. July 8, 2021) ("The Court further notes that the appointment of a small group of individuals as lead plaintiff has certain advantages over the appointment of a single individual, including avoiding the re-determination of lead plaintiff if an individual lead plaintiff is unable to serve or is deemed inadequate after appointment.")

[5] *Tchatchou*, 2019 WL 1004591, at *7 (appointing group where joint declaration states "they 'had a group email list and contact information for each other and counsel and a toll-free conference call number for communications relating to the case,' and that they had 'variously communicated with selected counsel about [the] lead plaintiff motion, the functioning and communication of [their] proposed group, case strategies, and the next steps in the case.'"; *Palm Tran*, 2021 WL 6072812, at *5 ("The two members declared that they are able to work together to jointly fill the lead plaintiff role, and before filing their motion, they discussed how they would facilitate future communication and collaboration, including active joint review and monitoring.").

- 4 -

making a conclusory, single-sentence argument: 'There is no reason to think this purported dispute resolution mechanism exists, could work, or would comply with the PSLRA.'. . . Absent from de Almeida's conclusory, speculative argument is any proof sufficient to rebut the presumption.").[6] As such, Key West's speculation falls far short of the "proof" required to rebut the presumption in favor of Dr. Blocker and Mr. Johnson.

Dr. Blocker and Mr. Johnson have demonstrated they meet each of the PSLRA's requirements for appointment as lead plaintiff. They will provide a broad range of representation for the class, having purchased both common stock and preferred stock throughout the Class Period, have selected local and lead counsel that has a demonstrated track record of success in this District, and have evidenced their commitment to jointly monitoring counsel to achieve the best results for the class. As such, Dr. Blocker and Mr. Johnson should be appointed as Lead Plaintiff and their selected law firms of Robbins Geller and Silverman Thompson should be approved as lead and local counsel, respectively.

---

[6] Unsurprisingly, Key West seeks to have the Court hold Dr. Blocker and Mr. Johnson to a higher standard than it holds itself. While Dr. Blocker and Mr. Johnson made a documented, evidentiary showing of their adequacy to lead this case, Key West made no such showing, which is disqualifying in itself. *See Perez v. HEXO Corp.*, 2020 WL 905753, at *2 (S.D.N.Y. Feb. 25, 2020) ("an investor seeking to be appointed lead plaintiff – though he need only make a preliminary showing that he satisfies the requirements of Rule 23, . . . 'nonetheless need[s] to provide enough information to make [that] preliminary showing'"); *In re The Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019) (rejecting lead plaintiff motion where the "complete dearth of information accompanying the Wangs' lead plaintiff motion leaves the Court with virtually no basis to assess their adequacy to lead and direct litigation potentially involving thousands of claims for tens, or perhaps hundreds, of millions of dollars"); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (Denying lead plaintiff to movant with larger financial interest who "ha[d] provided the Court with little to go on with respect to their alleged capacity to manage this litigation."); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (finding that the "record contains no evidence that [movants] are competent to serve as lead plaintiffs" or "to supervise the . . . attorneys representing them").

4927-9477-5094

DATED:  April 15, 2025

Respectfully submitted,

SILVERMAN THOMPSON SLUTKIN
  & WHITE LLC
STEVEN D. SILVERMAN (VSB No. 22887)
ANDREW C. WHITE (VSB No. 08821)
WILLIAM N. SINCLAIR (VSB No. 28833)

s/ William N. Sinclair
WILLIAM N. SINCLAIR

400 E. Pratt Street, Suite 900
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)
ssilverman@mdattorney.com
awhite@mdattorney.com
bsinclair@mdattorney.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 6 -

4927-9477-5094