# EXHIBIT 4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

|  |  |  |
| --- | --- | --- |
| *Plaintiff* | ) ) ) ) ) ) | Civil Action No.  1:25-cv-00182-GLR |
| v. | | |
| In Re Innovative Industrial Properties, Inc. Securities Litigation | | |
| *Defendant* | | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Tilt Holdings, Inc.
                              2801 E Camelback Road #180, Phoenix, AZ 85016
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: | Date and Time: |
| --- | --- |
|  |  |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

        *CLERK OF COURT*

                                                OR

        _____                    _____
        *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:25-cv-00182-GLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## TILT HOLDINGS, INC.

**THIS REQUEST IS FOR THE LIMITED PURPOSE OF INSTRUCTING YOU IN THE PRESERVATION OF DOCUMENTS IN YOUR POSSESSION, CUSTODY OR CONTROL, UNTIL FURTHER NOTICE**

**NO PRODUCTION OF DOCUMENTS IS REQUIRED OR BEING SOUGHT AT THIS TIME**

### I.    DEFINITIONS

1.    "Agreement" means any formal or informal contract, lease, purchase, rental, sale, sale-leaseback, term sheet, understanding, or any other meeting of the minds, whether reduced to writing or not, including all addendums, amendments, annexes, attachments, exhibits, or revisions.

2.    "Communication" means any exchange of information (in the form of facts, ideas, inquiries, or otherwise) by any means of transmission, including document, telephone, telecopier, mail, fax, email, text, letters (including attachments), chat logs, recordings, personal delivery, or by any other means, be they analog, electronic, or otherwise.

3.    "Concerning" means regarding, relating to, referring to, describing, reflecting, evidencing, or constituting.

4.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a)(1)(A), and includes all Communications as well as "writings" and "recordings" (as defined by Rule 1001 of the Federal Rules of Evidence). A draft or non-identical copy or translation is a separate Document within the meaning of this term.  A request for all Documents includes a request for all Communications.

5.    "Electronically Stored Information" or "ESI" means information that is stored electronically, regardless of the media or whether it is in the original format in which it was created,

1

and shall be construed consistent with its usage in Rule 34 of the Federal Rules of Civil Procedure and the Advisory Committee Notes thereto.

6.      "Including" means including, but not limited to.

7.      The term "all" shall be construed as "all," "any," or "each."

8.      The terms "any" and "each" should be understood in either its most or least inclusive sense as will bring within the scope of the discovery request all responsive materials and information that might otherwise be construed outside its scope.

9.      "And" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of a Request all responses that might otherwise be construed to be outside its scope.

10.     The use of the singular form of any word includes the plural, and vice-versa.

11.     The use of any tense of any verb shall also include within its meaning all other tenses of the verb.

12.     "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.     "You" or "Your" refers to Tilt Holdings, Inc., the party subject to this request, and includes any of its affiliated persons, predecessors, successors, parents, subsidiaries, divisions or affiliates, and its or their respective present and former officers, directors, principals, partners, representatives, agents, intermediaries, attorneys, accountants, employees, partners, and all other persons acting or purporting to act on behalf of the foregoing, and any entity established or acting for the benefit of or on behalf of its or their self.

14.     "Innovative Industrial Properties, Inc." or "IIPR" refers to Innovative Industrial Properties, Inc. and any of its predecessors, successors, parents, subsidiaries, divisions, or affiliates, and its or their respective present and former officers, directors, agents, attorneys,

2

accountants, employees, partners, and all other persons acting or purporting to act on behalf of the foregoing.

## II.    INSTRUCTIONS

15.    You are required to preserve all Documents in your possession, custody, or control relating to the matters discussed below under the heading "Documents to be Preserved."  The fact that a Document is preserved or produced by IIPR or other subpoenaed third party does not relieve You of the obligation to preserve, or subsequently produce, Your copy of the same Document, even if the two Documents are identical in all respects.

16.    In preserving Documents, You are requested to preserve all documents or things in Your possession, custody, or control, regardless of whether such Documents are possessed directly by You.

17.    Documents are to be preserved in full.

18.    The original of each Document requested, together with all non-identical copies and drafts of that Document, should be preserved.

19.    All Documents should be preserved so that they may, if needed or requested, be produced later pursuant to Rule 41(d)(1) of the Federal Rules of Civil Procedure.

20.    All Documents shall be preserved so that they may be later produced in the file folder, envelope, or other container in which the Documents are kept, maintained, or stored in the ordinary course of business.

21.    Documents attached to Documents called for by this preservation subpoena (e.g., attachments or linked) or which constitute routing slips, transmittal memoranda or letters, comments, post-it notes, or similar materials shall be preserved.

22.    You shall preserve in its original form all ESI that would be responsive to any of the preservation requests set forth below.  You shall suspend any activity, policy, or practice that

3

may alter, delete, or render not reasonably accessible any relevant ESI. ESI shall not be converted to a form that alters the ESI, deletes the ESI, degrades its accessibility and/or degrades its search ability. You shall also preserve any application software necessary to view relevant ESI to the extent such application software is proprietary or otherwise not generally commercially available.

## III.    RELEVANT TIME PERIOD

The relevant time period, unless otherwise indicated, shall be from February 26, 2023 to present ("Relevant Time Period"). Each request calls for the preservation of all Documents and information which Concerns in whole or in part the Relevant Time Period, or to events or circumstances during such period even though dated, prepared, generated, created, edited, revised, or received prior to that period. Please preserve Documents described herein belonging to, stored on behalf of, or accessible by You in the normal course of business.

## IV.    DOCUMENTS TO BE PRESERVED

REQUEST FOR PRESERVATION NO. 1:

All Documents Concerning any and all Agreements with IIPR, including, but not limited to:

    a)  Any and all initial lease, sale-leaseback, or rental Agreements;

    b)  Any and all amendments to existing lease, sale-leaseback, or rental Agreements;

    c)  Any and all Communications concerning initial lease, sale-leaseback, or rental Agreements or amendments made thereto;

    d)  Any and all investments or payments made by IIPR related to You;

    e)  Documents sufficient to show any and all payments made by You to IIPR; and

    f)  Any and all Documents Concerning any amounts owed, default, or breach of or under any Agreement with IIPR.

4

REQUEST FOR PRESERVATION NO. 2:

All Documents You disclosed, provided, or otherwise shared with IIPR in connection with any Agreement, including but not limited to:

a) Audited and unaudited consolidated and unconsolidated financial statements;

b) Cashflow statements;

c) Budgets;

d) Forecasts; and

e) Investor materials.

REQUEST FOR PRESERVATION NO. 3:

To the extent not covered by Request No. 2 above, Documents sufficient to show the financial state of Your business, including but not limited to, audited and unaudited financial statements, cashflow statements, budgets, and forecasts.